Nashville v. Patton.

MAYOR AND CITY COUNCIL OF NASHVILLE *v.* F. E.
PATTON *et ux.*

(*Nashville.*   December Term, 1911.)

1. **CERTIORARI.**  Petition for certiorari to review judgment of
   court of civil appeals must be complete within itself, and not
   by reference to the record or other papers.

   Under the statute (Acts 1907, ch. 82, sec. 8) providing that the
   supreme court may issue a writ of *certiorari* to review a judg-
   ment of the court of civil appeals upon a sworn petition stat-
   ing the substance of the case to be decided, accompanied by
   assignments of error, and brief in support thereof, the petition
   must, within its four corners, present a case which will·enable
   the supreme court to determine whether the writ should be
   granted, and it must not attempt to supply the statement of
   facts and assignments of error by reference to any other paper,
   or to the record of the court of civil appeals. (*Post, pp.* 366-
   369.)

   Acts cited and construed:   Acts 1907, ch. 82, sec. 8.

2. **SAME.**   Same.   Petition for certiorari must, upon its face,
   point out specific errors in the judgment of the court of civil
   appeals.

   Under the statutory provisions, stated in the first headnote, as to
   the requisites of the petition for the *certiorari*, and under the
   additional provisions that, upon the granting of the writ, the
   original transcript filed in the court of civil appeals shall be
   filed in the supreme court, which, together with the petition,
   assignments of error, the briefs, writs of error and *supersedeas*,
   when issued, shall constitute the record in the supreme court,
   the court of civil appeals is not made a mere intermediate court
   whose work is to be treated as merely incidental, so that the
   petition for the writ of *certiorari* need only reassign the errors
   and present the briefs made therein, but it is necessary to show
   some specific error in the action of that court. (*Post, pp.* 366-
   370.)

Nashville v. Patton.

Acts cited and construed:   Acts 1907, ch. 82, sec. 8.

3. **SAME.** *Consideration to be given to opinion of court of civil appeals in filing petition for certiorari to review its judgment.*

In making application for a writ of *certiorari* to review a judgment of the court of civil appeals, counsel should make an attentive examination of the opinion of that court, and give a sedate consideration as to the probability of obtaining a reversal; and the proper standpoint from which to view the matter is an attentive consideration of the work accomplished by that court in the particular case, and a careful formulation of the objection to that work.   (*Post, pp.* 369-370.)

4. **SAME.** *Mode of action of supreme court upon petition for certiorari to review a judgment of the court of civil appeals.*

If the petition for a writ of *certiorari* to review a judgment of the court of civil appeals fails to state a case for relief, the supreme court will disallow it, without going further into the record; but if it states a case for relief, the supreme court will examine the opinion of the court of civil appeals, and the record and the briefs of opposing counsel, for the purpose of ascertaining whether the grounds stated in the petition are sustained.   (*Post, p.* 369.)

## FROM DAVIDSON.

Appeal from the Circuit Court of Davidson County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—THOS. E. MATTHEWS, Circuit Judge.

A. G. EWING, JR., City Attorney, and F. M. GARARD, Assistant City Attorney, for Nashville.

RUTHERFORD & RUTHERFORD, for Patton.

MR. JUSTICE NEIL delivered the opinion of the Court.

This case was determined against the plaintiff in error by the court of civil appeals at its present term. Thereupon a petition for the writ of *certiorari* was filed in this court.

In order that we may state fully our views of the question of practice suggested by this petition, we set it out in full as follows:

"Petition for *Certiorari*.

"To the Honorable the Chief Justice and the Associate
Justices of the Supreme Court of Tennessee:

"Your petitioner, the mayor and city council of Nashville, respectfully represents and shows:

"I.   Statement of the Case.

"For a full and detailed statement of the case, we herewith file our printed brief prepared for the court of civil appeals at the October term, 1911, which we make a part of our petition; statement of the case appearing on pages 1 and 2.

"II.   Pleadings.

"A statement of the pleadings appears in detail in our brief filed in the court of civil appeals, referred to heretofore, on pages thereof 2 and 3, which we make a part of this petition.

"III.   Statement of the Evidence.

"We refer your honors to detailed statement of the evidence, as set out in our brief heretofore mentioned, which we make a part of this petition.   This appears on pages 3 to 9, inclusive.

"IV.   Assignment of Errors.

"For assignment of errors, we adopt the assignment made in the court of civil appeals, and make the same a part of this petition.   These assignments appear on pages 9 to 33.

"V.   Brief and Argument.

"For brief and argument, we refer your honors to our said brief, heretofore filed, pages 34 to 95, adopting the same as a part of this petition.

"CONCLUSION.

"Your petitioner believes that the judgment of the court of civil appeals is erroneous, and that this honorable court should require by *certiorari* the removal of said case to it for review and determination in conformity with the acts of the general assembly of the State of Tennessee in such cases made and provided.

"The court of civil appeals erred in overruling the several and various assignments made by plaintiff in error.

"There is no evidence to support the verdict. The plaintiff, Mrs. Jessie V. Patton, with full knowledge, assumed the risk, and the court erred in declining to charge as requested, and in the conduct of the trial, as assigned in the brief, which is made a part of this petition, and the verdict is excessive, showing total disregard of the evidence and its capriciousness.

"Wherefore, your petitioner prays that the writ of *certiorari* and *supersedeas* may be issued out of and under the seal of this honorable court, directed to the court of civil appeals of Tennessee, commanding said court

to certify and send to this court, on a certain day to be therein designated, the full and complete record in said case as filed in said court of civil appeals, entitled 'Mayor and City Council of Nashville, Plaintiff in Error, v. F. E. Patton and Wife, Defendants in Error, No ——, Davidson Law Docket,' together with all the proceedings of said court therein, to the end that this cause may be reviewed and determined by this court, as provided for in the acts of the general assembly of the State of Tennessee, being chapter 82 of the Acts of 1907, and that your petitioner have such other and further relief in the premises as this honorable court may deem proper and in conformity with said act, and especially that said judgment of said court of civil appeals on said case may be reversed by this honorable court, and that the judgment of the circuit court of Davidson county, Tenn., herein be reversed, and the case dismissed, and that, pending the action of the court on this petition, judgment and execution of the court of civil appeals be superseded.

"Mayor and City Council of Nashville,

"By A. G. EWING, JR., and F. M. GARARD, Attys. for Petitioner.

"State of Tennessee, Davidson County:

"A. G. Ewing, Jr., makes oath and says that he is the attorney for the foregoing mayor and city council of Nashville, Tennessee, in the case named in the foregoing petition, and that the allegations in said petition are true to the best of his knowledge and belief.

A. G. EWING, JR

"Sworn and subscribed to before me this the 7th day of November, 1911.

"J. W. DASHELL,
Notary Public."

In the answer filed to the petition it is insisted:

"The petition in this case should be dismissed, for the reason that it does not comply with chapter 82, section 8, Acts of 1907, relating to petitions for *certiorari*. That portion of said act here relied upon reads as follows:

"'Such *certiorari* shall not be issued after a lapse of ninety days from the final decree or judgment from the court of civil appeals; and it shall not be awarded or issued from the supreme court, except upon petition duly sworn to, stating the substance of the case to be decided, accompanied by assignments of error, or errors, and brief in support thereof.'

"The present petition was filed within ninety days, and was duly sworn to, but the substance of the case to be decided is not stated at all. There are no assignments of error set out in the petition, and there is no brief in support thereof.

"It is true that said petition refers to the original assignments of error in the court of civil appeals for a full and detailed statement of the case; and the original brief filed in the court of civil appeals is also referred to in said petition; but there are no assignments of error in said petition, except those errors assigned in the court of civil appeals, and they are simply referred to under paragraph 4 on the second page of said petition, the same being set out on pages 9 to 33 of petitioner's orig-

inal brief filed in the court of civil appeals, a copy of which accompanies the record in this cause.

"Section 8 of chapter 82, Acts of 1907, after setting out what the petition for *certiorari* must contain, as above shown, proceeds further as follows:

" 'In such case and when the writ is granted the original transcript filed in the court of civil appeals shall be filed in the supreme court, and together with said petition the assignments of error, the briefs, and writs of error and *supersedeas,* when issued, shall constitute the record in the supreme court,' etc.

"Now, we do not understand from said act that a mere skeleton petition, containing no statement of the case to be decided, no specific assignment of errors, no specific errors alleged to have been committed by the court of civil appeals, whose action this court is called upon to review, no brief or argument whatever, except such as were originally filed before the case was heard by the court of civil appeals—we do not understand that this sort of thing meets the requirement of that portion of said section 8 first quoted above. That is to say, a simple recital of what the record contains is no compliance whatever with the specific requirements of the act in question. The last quotation from said act, set out supra, designates what the record is required to contain, and what proceedings shall be made a part of the record; but we do not understand that a petitioner can simply rely upon having the clerk to get all of these different parts of the record together and in shape, and then present them to this court in a skeleton petition, which does

nothing more than to simply cite the pages of the record where these various proceedings may be found.

"In other words, may it please your honors, we insist that, before the writs of *certiorari* and *supersedeas* should be issued, a party applying for them must point out some specific error, or errors, committed by the court of civil appeals, and must support his insistence by a brief and argument, specifically pointing to the particular error, or errors, complained of. This is what the statute requires shall be done, and, certainly, sound reason and justice can require no less. Otherwise, the supreme court may be called upon to retry every case that is disposed of by the court of civil appeals with the vague hope that the former court may arrive at a conclusion different from that reached by the latter without reference to any particular error which the latter court may have committed.

"This practice, if tolerated, simply permits a litigant to have two chances to win upon the same presentation. That is to say, he files his assignments of error, and his brief in support thereof, in the court of civil appeals, and presses every argument that he can think of at the trial in that court, and, if unsuccessful, he simply presents the same case, the same record, the same brief, the same bill of exceptions, and the same argument to the supreme court, without reference to any specific error that may have been committed by the court of civil appeals. . . . Rutherford & Rutherford."

The foregoing excerpt from the answer to the petition presents truly and correctly the objections to the practice followed by the plaintiff in error.

The petition must within its four corners present to the supreme court a case which will enable us to determine whether the writs applied for should be granted. It must not be demurrable. It must state a case for relief. It must not eke out the statement of facts by reference to any other paper. It must not attempt to supply an assignment of errors complained of by reference to any other paper. It must be complete in itself. Upon reading the petition, if we find that it fails to state a case for relief, it is our duty to disallow it, without going further into the record. If it does state a case, then we examine the opinion of the court of civil appeals, and the record and the briefs of opposing counsel, for the purpose of ascertaining whether the grounds stated in the petition are sustained.

The purpose of the legislature in creating the court of civil appeals was to furnish real assistance to the people of the State in having their appellate business speedily disposed of. That court is composed of able and accomplished judges, and their work is always well done. While many cases are brought from that court to the supreme court on petitions for the writ of *certiorari*, not more than eight or ten out of one hundred of such petitions are successful. This fact alone shows how sound is the work of the court of civil appeals.

Before filing a petition for *certiorari* for the purpose of transferring a case from the court of civil appeals to

125 Tenn.—24

the supreme court, there should be on the part of counsel an attentive examination of the opinion of the court of civil appeals, and a sedate consideration of the probability of obtaining a reversal. If such practice be permissible as that adopted by the petitioner in the present case, then the work of the court of civil appeals is treated as merely incidental, and the petition in the supreme court as experimental. It is easy to file a skeleton petition, and refer for a statement of facts and of the errors complained of, and for the arguments to sustain these errors, to the statement of facts, assignments of error, and briefs filed in the court of covil appeals. This requires no special consideration of the matters to be presented by the application to the supreme court for relief. It is simply saying, in general terms: "We make the same objections to the judgment of the court of civil appeals that we made in that court to the judgment of the trial court." Whereas, the proper standpoint from which to view the matter is an attentive consideration of the work accomplished by the court of civil appeals in the particular case, and a careful formulation of the objections to that work. If this course should be pursued, there would be a far less number of inconsiderate petitions filed.

It results that the petition in the present case must be disallowed.