MAYOR & ALDERMEN OF MORRISTOWN *v.* MRS. MOLLIE LOVE*

AND

MAYOR AND ALDERMEN OF MORRISTOWN *v.* MRS. JOY C. BROWN.

*(Nashville.* December Term, 1929.)

Opinion filed, December 21, 1929.

*Corpus Juris-Cyc. References: **Certiorari**, 11CJ, section 140, p. 148, n. 98; section 200, p. 163, n. 71; section 339, p. 192, n. 31; section 345, p. 194, n. 69.

JOHN R. KING, for plaintiff in error.

E. R. TAYLOR, W. N. HICKEY AND J. HALLMAN BELL, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

These cases involve the same questions and were consolidated for the purpose of hearing.

.The respective plaintiffs below, Mrs. Love and Mrs. Brown, sued the City of Morristown to recover damages to their property as a result of a change in the grade of the street upon which same abuts. The cases were tried before the trial court without a jury. He fixed Mrs. Love's damages at $1100 and that of Mrs. Brown at $200. Upon appeal the Court of Appeals reduced Mrs. Love's judgment to $600 and that of Mrs. Brown to $125. Both the City and the property owners have filed petitions for writs of *certiorari* which have heretofore been granted, and the cases argued at the bar of this court. Final judgments were entered in the Court of Appeals on April 7, 1928.

Counsel for the property owners filed a petition for *certiorari* and assignments of error on May 22, 1928, but did not file any brief in support of same until August 28, 1928.

On May 21, 1928, counsel for the City obtained from this court a forty-five day extension within which to file a petition for writ of *certiorari,* and same was filed, with assignments of error and brief, on July 5, 1928. Attached to said petition was a motion to dismiss the petition of the property owners because same was not accompanied by a brief, as required by the statute. Before the cases were argued counsel for the City filed

a written motion to dismiss the brief of the property owners, filed on August 28, 1928, because same was not filed within the period provided by the statute or the rules of this court.

Counsel for the City filed no brief in reply to that of the property owners referred to above.

■ The petition of the property owners, and their assignments of error, complain of the action of the Court of Appeals in reducing the amount of their recoveries, but no reference is made in the petition, or the assignments of error, to any testimony supporting their contentions. It follows that the property owners can be granted no relief without considering their brief.

The petition of the property owners for writ of *certiorari* concludes with this statement, to-wit:

"A copy of this petition and assignments of error and brief accompanying it and notice of its presentation to the court have been furnished to counsel for defendant municipality as will appear from his acknowledgment of service hereafter appended." Such acknowledgment, however, does not appear of record.

■ The question for determination is this: Can the court consider a brief, in support of a petition for writ of *certiorari,* filed four months and twenty-three days after final judgment in the Court of Appeals?

The Court of Civil Appeals was created by chapter 82, Acts of 1907. In section 8 the following appears:

"It shall also be competent for the Supreme Court to require by *certiorari* the removal of any case to it, the decision of which by the Civil Court of Appeals is made final by this Act, in order that the judgment or decree of said Court of Civil Appeals may be reviewed by the Supreme Court. Such *certiorari* shall not be issued

after a lapse of ninety days from the final decree or judgment from the Court of Civil Appeals; and it shall not be awarded or issued from the Supreme Court, except upon petition duly sworn to, stating the substance of the case to be decided, accompanied by assignments of error or errors and brief in support thereof."

The word "accompany" is thus defined in Webster's New International Dictionary, to-wit: "1. To cause to be a companion (to); to add or join (to); also, to cause to be or go in company (with); to associate. 2. To go with or attend as a companion or associate; to keep company with; to go along with; to consort with."

The rules of this court, effective January 1, 1913, provide as follows:

"It (petition for *certiorari*) shall be accompanied by an assignment of errors, predicated upon the judgment or decree of the Court of Civil Appeals, and a brief in support thereof, in the form required by Rules 14 and 15 applicable to cases brought directly from trial courts to this court."

Section 14 of chapter 100, Acts of 1925, with respect to petitions for *certiorari,* provides as follows: ". . . which petition shall state the substance of the case to be decided, and shall be accompanied by assignments of error and brief in conformity with such rules as the Supreme Court may prescribe."

The latter part of the sentence just quoted refers to the form and substance of the assignments of error and brief and not to the time of the filing. This court had prescribed the form of the brief, as set forth above, viz.: in compliance with Rules 14 and 15, and the legislature in the Act of 1925, instead of prescribing the form or stating that it should conform to Rules 14 and 15 of the

Supreme Court, provided that this court should prescribe.the form.

The rules of this court, referred to above, do not undertake to specifically fix a time within which the brief of petitioner should be filed, the reason being that the Act of 1907 provides that the brief should accompany the petition, that is be filed at the same time.. The rules do provide that reply brief shall be filed within fifteen days, since the Act of 1907 does not undertake to fix the time within which such brief shall be filed.

It was the intention of the legislature that the assignments of error and brief should be filed contemporaneously with the petition. Such was the construction placed upon the Act of 1907 by this court, and the legal profession has so construed the act and the rules of this court. This is the only instance that we recall in which this practice was not followed.

In *Leather Co.* v. *Gillespie,* 157 Tenn., 166, it was held that the court was without authority to extend the time for filing a petition unless the application is made within forty-five days after final decree in the Court of Appeals.

In a memorandum opinion filed at Knoxville on November 16, 1929, in the cause of *Murat H. Davidson et al.* v. *Ben Phillips et al.,* from Anderson Equity, it was held that after the ninety-day period had expired the court had no authority to permit petitioner to verify his petition which by oversight he neglected to do.

Since the statute provides that the petition, assignments of error, and brief shall be filed within forty-five days, with the right of this court to extend the time not exceeding forty-five additional days, we are repelled by

the statute from allowing time beyond the ninety-day period.

In these cases no request for additional time was made, and no response was made to the motion to dismiss the brief of the property owners. It follows that the motion to dismiss will be allowed.

While we are unable to grant the property owners any relief, we have, nevertheless, considered these cases upon the merits, and conclude that the damages allowed by the Court of Appeals adequately compensates them.

█ With respect to the petition of the City, it is first insisted that the other courts committed error in not sustaining its pleas in abatement by which it set up the defense that it was not in court. Issue was joined on the pleas and same were heard upon oral evidence at the February, 1927, term. A wayside bill of exceptions, preserving the evidence introduced on the hearing of the pleas, was preserved, but no motion was made at that term for a new trial. The court could have corrected the error at that term had he been asked to do so. Had the motion been granted, and the pleas sustained, it would have resulted in the dismissal of the suits.

In *Citizens' Bank & Trust Co.* v. *Bayles,* 153 Tenn., 50, it was said:

█ "While the line between interlocutory decrees, subject to be revised at a subsequent term, and those not subject to such reconsideration, cannot be scientifically defined, yet it may be stated as the general rule that, if such interlocutory decree settles a principle, or adjudges a right, or determines an issue, then, in such case, it is not open for revision at a subsequent term. *Allen* v. *Shanks,* 16 S. W., 715, 90 Tenn., 359; *Boyd* v. *Sims,* 11

184

S. W., 948, 87 Tenn., 771; *Johnston* v. *Hanner,* 2 Lea, 8; *Meek* v. *Mathis,* 1 Heisk., 534; *Vaccaro* v. *Cicalla,* 14 S. W., 43, 89 Tenn., 63.

"If, however, it be a mere order adjudging no issue—as an order concerning the preparation of the cause, or an order granting an injunction, or dissolving or modifying one—such orders are subject to revision and reconsideration at the subsequent term, for they are in no sense an adjudication of rights. *Allen* v. *Shanks, supra.*

"These decisions are justified under section 4699 of Shannon's Annotated Code, which is as follows:

" 'A judgment or decree may be interlocutory or final to be determined by the subject-matter and substantial purport thereof.'

"In other words, all interlocutory decrees which determine an issue shall be treated as final and not subject to review at a subsequent term."

It follows, from the foregoing, that the trial court was without authority to review the judgment entered during the February term at a subsequent term; so that the *status* of the cases is the same as if no motion for a new trial had ever been made, on account of the action of the trial court in not sustaining the pleas in abatement.

It is well settled that this court will not consider any question that was not called to the attention of the trial court on the motion for a new trial, except for errors of law apparent upon the face of the record. These cases do not fall within this exception. *Nashville, C. & St. L. Ry. Co.* v. *Smith,* 147 Tenn., 453.

Since the City will be treated as before the Court, it follows that its plea of the one-year statute of limitations is without merit.

The City further contends that this change in grade, etc., was but a continuation of a plan begun some thirty years ago, and that these claims for damages are barred by the statute of limitations. The other courts have concurred in finding to the contrary, and we find that the rule invoked is not applicable to the facts of these cases.

The City further contends that the damages awarded by the Court of Appeals are excessive. To this we cannot agree.

From what we have said it results in an affirmance of the judgments of the Court of Appeals.

The costs in this court will be divided, one-half against the City and the other half against the property owners.

Justices Cook and Swiggart dissent from so much of the opinion as sustains the motion of the City to dismiss the brief filed by counsel for the property owners.