CURTIS OLIPHANT, Petitioner,

*v.*

RUTH TRIMBLE OLIPHANT, Respondent.

401 S.W.2d 778.

(*Nashville,* December Term, 1965.)

Opinion filed April 15, 1966.

MORROW & WAITE, Nashville, for petitioner.

JOHN JAY HOOKER, JR., Nashville, and W. P. BRYANT, JR., Springfield, for respondent.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

The original bill in this cause was filed in the Chancery Court of Robertson County by the petitioner, Curtis Oliphant, seeking to have a decree of the General Sessions Court of that County granting respondent an absolute divorce from petitioner declared void.

On appeal, the Court of Appeals, Middle Division, filed its original opinion in this cause on June 25, 1965, in which that Court reversed the Chancellor in holding the divorce decree entered in the General Sessions Court of Robertson County a valid decree. The Court of Appeals held the General Sessions Court did not have jurisdiction of the parties to the divorce action or of the subject matter and held the decree granting respondent a divorce was null and void.

Thereafter, respondent filed a petition to rehear. The Court of Appeals granted the petition to rehear and held that since petitioner had remarried after the divorce decree had become final, he was estopped to assert the invalidity of the decree of the General Sessions Court, although it was void as held by that Court in its original opinion. In support of this ruling the Court of Appeals cited the case of *Loftis v. Dearing*, 184 Tenn. 474, 201 S.W.2d 655 (1947).

The opinion of the Court of Appeals on the petition to rehear was filed on October 29, 1965. Within forty-five

days thereafter, petitioner was granted an extension to and including January 26, 1966, within which to file his petition for the writ of certiorari in this Court.

On January 25, 1966, petitioner filed his petition for the writ of certiorari accompanied by assignments of error, but no brief in support of the petition and assignments of error.

On February 4, 1966, more than ninety days after the opinion of the Court of Appeals on the petition to rehear was filed, petitioner filed a brief in support of his petition for the writ of certiorari and assignments of error.

On February 8, 1966, respondent filed a motion to dismiss the petition for the writ of certiorari because the brief in support of the petition for the writ of certiorari and assignments of error was not filed within ninety days after the filing of the opinion of the Court of Appeals on October 29, 1965.

T.C.A. Section 27-819 provides:

"The Supreme Court, or any judge thereof, shall have the right to require, by certiorari, the removal to that court for review of any case that has been finally determined in the Court of Appeals, upon a sworn petition for this purpose filed in the Supreme Court, which petition shall state the substance of the case to be decided, and shall be accompanied by assignments of error and brief in conformity with such rules as the Supreme Court may prescribe; and there shall be no other method of review."

T.C.A. Section 27-820 provides:

"Petitions for certiorari, to require the removal of any case from the Court of Appeals to the Supreme

Court for review, shall be filed in the Supreme Court within forty-five (45) days after the final decree in the Court of Appeals, including decree upon any application to that court for a rehearing or for different or additional findings; provided, the Supreme Court, or any of the judges thereof, upon application, may extend such time for filing petitions for certiorari for an additional period not to exceed ninety (90) days after the final decree, as above defined, in the Court of Appeals.''

In the case of *Mayor, etc., of Morristown v. Love,* 160 Tenn. 177, 22 S.W.2d 769 (1929), this Court had the identical question presented by the motion in this case before it, and in construing the above quoted Code Sections said:

''The question for determination is this: Can the court consider a brief, in support of a petition for writ of certiorari, filed 4 months and 23 days after final judgment in the Court of Appeals?

''The Court of Civil Appeals was created by chapter 82, Acts of 1907. In section 8 the following appears:

'' 'It shall also be competent for the Supreme Court to require by certiorari the removal of any case to it, the decision of which by the Civil Court of Appeals is made final by this Act, in order that the judgment or decree of said Court of Civil Appeals may be reviewed by the Supreme Court. Such certiorari shall not be issued after a lapse of ninety days from the final decree or judgment from the Court of Civil Appeals; and it shall not be awarded or issued from the Supreme Court, except upon petition duly sworn to, stating the substance of the case to be decided, accompanied by assignments of error or errors and brief in support thereof.'

"The word 'accompany' is thus defined in Webster's New International Dictionary, to-wit: '1. To cause to be a companion (to); to add or join (to); also, to cause to be or go in company (with); to consort with.'

"The rules of this court, effective January 1, 1913, provide as follows:

" 'It (petition for certiorari) shall be accompanied by an assignment of errors, predicated upon the judgment or decree of the court of civil appeals, and a brief in support thereof, in the form required by Rules 14 and 15 applicable to cases brought directly from trial courts to this court.'

"Section 14 of chapter 100, Acts of 1925, with respect to petitions for certiorari, provides as follows: '* * * Which petition shall state the substance of the case to be decided, and shall be accompanied by assignments of error and brief in conformity with such rules as the Supreme Court may prescribe. * *'

"The latter part of the sentence just quoted refers to the form and substance of the assignments of error and brief, and not to the time of the filing. This court had prescribed the form of the brief, as set forth above, viz.: in compliance with rules 14 and 15, and the Legislature in the Act of 1925, instead of prescribing the form or stating that it should conform to rules 14 and 15 of the Supreme Court, provided that this court should prescribe the form.

"The rules of this court, referred to above, do not undertake to specifically fix a time within which the brief of petitioner should be filed, the reason being that the act of 1907 provides that the brief should accompany the petition; that is be filed at the same time. The

rules do provide that reply brief shall be filed within fifteen days, since the act of 1907 does not undertake to fix the time within which such brief shall be filed.

"It was the intention of the Legislature that the assignments of error and brief should be filed contemporaneously with the petition. Such was the construction placed upon the act of 1907 by this court, and the legal profession has so construed the act and the rules of this court. This is the only instance that we recall in which this practice was not followed.

"In [*Schlosser*] *Leather Co. v. Gillespie,* 157 Tenn. 166, [6 S.W.2d 328], it was held that the court was without authority to extend the time for filing a petition, unless the application is made within 45 days after final decree in the Court of Appeals.

"In a memorandum opinion filed at Knoxville on November 16, 1929, in the cause of *Murat H. Davidson et al. v. Ben Phillips et al.,* from Anderson Equity, it was held that after the 90-day period had expired, the court had no authority to permit petitioner to verify his petition, which by oversight he neglected to do.

"Since the statute provides that the petition, assignments of error, and brief shall be filed within 45 days, with the right of this court to extend the time not exceeding 45 additional days, we are repelled by the statute from allowing time beyond the 90-day period."

Petitioner insists, however, that respondent has not shown she was prejudiced by the failure of petitioner to file his brief within the ninety-day period and, therefore, we should overrule the motion. He cites and relies on the first headnote in *Wilson v. Andrew,* 213 Tenn. 173, 375 S.W.2d 650 (1963), wherein it is said:

"Appeal would not be dismissed for filing of assignments of error less than ten days before case was to be heard and failure to comply with rule providing for citation of authorities, where the case was important and defendants were not prejudiced by such failure of complainant-appellant. Supreme Court Rules, rule 15."

Rule 12 of the Supreme Court now reads in part:

"The petition shall state the substance of the case so as to show a prima facie error or errors in the judgment or decree of the Court of Appeals and how petitioner is prejudiced thereby, and shall be verified by affidavit. (T.C.A., Section 27-819; *Mayor and Aldermen of Nashville v. Patton*, 125 Tenn. 361, 366, 370, 143 S.W. 1131).

"It shall be accompanied by an assignment of errors, predicated upon the judgment or decree of the Court of Appeals, and a brief in support thereof, in the form required by Rules 14 and 15 applicable to cases brought directly from trial court to this Court."

This rule does not fix the time for filing the brief in support of the petition for the writ of certiorari and assignments of error, but does state the form of the brief should be in compliance with Rules 14 and 15 of this Court "applicable to cases brought directly from trial courts to this Court."

While it is true this Court has authority to waive one of its own rules when the ends of justice so require, this Court has no authority to extend its jurisdiction beyond the confines fixed by statute if constitutional objection to such confines are not present. To put it simply, this Court has no authority to waive a statutory requirement. *Depew v. King's, Inc.*, 197 Tenn. 569, 276

S.W.2d 728 (1955); *Crane Enamelware Company v. Smith,* 168 Tenn. 203, 76 S.W.2d 644 (1934).

■ The ninety-day requirement for filing the petition for the writ of certiorari, assignments of error and brief is not a rule of this Court, but is a mandate of the Legislature.

Accordingly, the motion is sustained and the petition for the writ of certiorari is denied at the cost of petitioner.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CRESON, JUSTICES, concur.