**Margaret Elizabeth JOHNSON et al., Petitioners,**

v.

**Dr. H. W. FOX et al., Respondents.**

Supreme Court of Tennessee.

Feb. 17, 1976.

Duane S. Snodgrass, Boyd, Lauderbach & Snodgrass, Kingsport, Carl E. McAfee, Cline, McAfee, Adkins & Gillenwater, Norton, Va., for petitioners.

J. Paul Coleman, Herndon, Coleman, Brading & McKee, Johnson City, for respondents.

## OPINION

HENRY, Justice.

We initially granted the writ of certiorari in this medical malpractice action in order to review the action of the Court of Appeals in sustaining the judgment of the trial court dismissing this suit pursuant to a motion for a directed verdict.

After hearing oral argument and considering the appropriate portion of the record we conclude that the writ was improvidently granted. The issues presented by the main controversy were of such interest and significance that they over-shadowed and caused us to overlook fatal defects in the invocation of the jurisdiction of this Court.

After the filing of the Petition for the Writ of Certiorari, respondents moved to dismiss for failure to abide the statutes of the State of Tennessee and the Rules of this Court.

We sustain the motion.

Section 27–819 T.C.A. provides, in pertinent part, that the

. . . petition shall state the substance of the case to be decided, and *shall be accompanied by assignments of error and brief in conformity with such rules as the Supreme Court may prescribe* ; . . (Emphasis supplied)

*Rule 12* of this Court, provides that the petition for certiorari

(s)hall be accompanied by an assignment of errors, predicated upon the judgment or decree of the Court of Appeals, and a brief in support thereof, in the form required Rules 14 and 15 . . .

Rule 14 contains the specifications for assignments of error and Rule 15 governs the format of briefs.

In this case counsel filed a petition for certiorari on the forty-fourth day after the entry of final judgment in the Court of Appeals. It was not accompanied by assignments of error or brief. Respondent moved to dismiss. As a part of their response petitioners filed a proper petition and submitted therewith assignments of error and a supporting brief. But this submission was after the expiration of the forty-five day period. No extension was applied for or granted. The assignments and

brief must accompany and be filed simultaneously with the petition. *Morristown v. Love,* 160 Tenn. 177, 22 S.W.2d 769 (1929).

As a maximum the petition filed in this case adopts by reference the assignments filed in the Court of Appeals. This is insufficient. Rule 12 plainly mandates that the assignments be "predicated upon the judgment or decree of the Court of Appeals." The assignments in the Court of Appeals are directed to the action of the trial court. Clearly, their adoption cannot constitute compliance with the Rules of this Court. The mere adoption of the assignments and brief in the Court of Appeals is a nullity.

The Rules of this Court are designed to provide for the orderly and expeditious determination of controversies. Perhaps the Court has been remiss in the past in not *sua sponte* invoking its own rules and demanding adherence thereto. This stems from a natural reluctance upon the part of the Court to invoke procedural technicalities. The result, however, has been a deterioration of the quality of petitions, briefs and assignments. The Court, in the future, will demand that the plain provisions of its Rules be abided and will look with disfavor upon any substantial deviation.

In the instant case we are faced with a motion to dismiss the petition. In good conscience the Court has no honorable choice but to apply its own rules.

We concur in the results reached by the Court of Appeals but are not in full accord with its reasoning. We do not necessarily agree with the "locality" rule in malpractice cases and we are particularly not in accord with the dicta contained in the opinion on petition to rehear with respect to a suggested difference in the standard of care between Johnson City and Greeneville. We are not prepared to say that thirty miles plus a population variance would indicate a permissible difference in the standard of care. For these reasons we do not look with favor upon the publication of the opinion of the Court of Appeals.

The petition for the writ of certiorari is DISMISSED.

FONES, C. J., and COOPER, HARBISON and BROCK, JJ., concurring.