LEONARD BELLIS v. THE STATE.*

(*Nashville.*   December Term, 1928.)

Opinion filed June 16, 1928.

1. CRIMINAL LAW.  MISTRIAL.  PLEA OF FORMER JEOP-
ARDY.

A plea of former jeopardy sets out that upon the first trial the
case was submitted to the jury late in the afternoon of September
15, 1927; and the Court adjourned until eight-thirty next morning.
At this time the jury was brought into Court and asked by the
Trial Judge if they had agreed upon their verdict to which in-
quiry they replied that they had not; the Court thereupon asked
if they thought there was any chance of agreement and one or
more of the jurors replied in the negative.  Thereupon the Court
without inquiring of defendant or his attorney as to whether or
not they were willing for the jury to be discharged and without
warning to the defendant that he intended to discharge said jury,
did discharge them, order a mistrial of the case and another panel
to try the defendant at that term.  The plea disclosed the fact that
the Court at the time this jury was discharged expected to re-
main in session and did remain in session for several days longer;
and the minute order entered on September 16, 1926, merely re-
cited that the jury upon their oath said they could not agree;
that it was ordered by the Court that said jury be discharged
and a mistrial entered; that this occurred upon the conv...ing of
the Court at eight-thirty A. M., and that later in the day the
defendant by attorneys excepted to the order of the Court in
discharging the jury, and entering a mistrial.  Under these facts
the plea should be sustained.  (Post, p. 179.)

2. CRIMINAL LAW.  MISTRIAL.  PLEA OF FORMER JEOP-
ARDY.  ACTION OF TRIAL JUDGE SUBJECT TO REVIEW.

While the Trial Judge has much discretion as to the necessity exist-
ing for ordering a mistrial, it is a question of great delicacy in
which the Trial Court should act with caution, such action should

157 Tenn.—12.

only be taken when necessity requires; and such action of the Trial Judge is subject to review by this Court. (Post, p. 180.)

Citing: State v. Pool, 72 Tenn. (4 Lea), 363, Modifying Mahala v. State, 18 Tenn. (10 Yerg.), 532; Tomasson v. State, 112 Tenn. (4 Cates), 596; Green v. State, 147 Tenn. (20 Thomp.), 299.

3. CRIMINAL LAW. MISTRIAL. TWICE IN JEOPARDY.

Courts of justice are vested with the authority to discharge a jury from giving any verdict, whenever in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated, and to order a trial by another jury; and the defendant is not thereby twice put in jeopardy. (Post, p. 181.)

Citing: Green v. State, 147 Tenn. (20 Thomp.), 299; Thompson v. U. S., 155 U. S., 271, 39 L. Ed., 146.

4. CRIMINAL LAW. REQUISITES OF ORDER DECLARING MISTRIAL.

Since the action of the Trial Court in discharging a jury and entering a mistrial is subject to review, the reasons for such conclusion should be set out in the order of discharge so that the revising Court may consider them. (Post, p. 181.)

Citing: State v. Pool, 72 Tenn. (4 Lea), 363, 8 R. C. L., 159.

---

*Headnotes 1. Criminal Law, 17 C. J., section 3579; 2. Criminal Law, 16 C. J., section 2566; 3. Criminal Law, 16 C. J., section 394.

---

## FROM WHITE.

---

Appeal from the Circuit Court of White County.— HON. J. R. MITCHELL, Judge.

WORTH BRYANT, J. A. DRAKE, C. P. HUTCHESON and D. M. ROBINSON, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, HILL & FRATER, and CAMP & BUTLER, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error has been convicted of assault with intent to commit murder upon one Gilbreath and has appealed in error to this Court.

The conviction herein was had at the January, 1928, Term of the Criminal Court of White County. Plaintiff in error had been put to trial for the same offense previously at the September Term of that Court at which time the jury failed to agree and a mistrial was entered.

A plea of former jeopardy was interposed by the defendant below and upon motion of the District Attorney-General this plea was stricken from the files. The plea, however, was preserved in the minutes of the Court. It is insisted that the trial Court erred in striking the plea aforesaid and we are of opinion, under previous decisions of this Court, that this contention is well made.

(1) The plea set out that upon the first trial the case was submitted to the jury late in the afternoon of September 15, 1927; and the Court adjourned until eight-thirty next morning. At this time the jury was brought into Court and asked by the trial Judge if they had agreed upon their verdict to which inquiry they replied that they had not; the Court thereupon asked if they thought there was any chance of agreement and one or more of the jurors replied in the negative. Thereupon the Court without inquiring of defendant or his attorney as to whether or not they were willing for the jury to be discharged and without warning to the defendant that he intended to discharge said jury, did discharge them, order a mistrial of the case and another panel to try the defendant at that term. The plea disclosed the fact that the Court at the time this jury was discharged expected to re-

main in session and did remain in session for several days longer.

The minute order entered on September 16, 1926, merely recited that the jury upon their oath said they could not agree; that it was ordered by the Court that said jury be discharged and a mistrial entered; that this occurred upon the convening of the Court at eight-thirty A. M., and that later in the day the defendant by attorneys excepted to the order of the Court in discharging the jury, and entering a mistrial.

(2) While conceding to the trial Judge much discretion as to the necessity existing for ordering a mistrial, our cases distinctly hold that such action of the trial Judge is subject to review by this Court. *Mahala* v. *The State,* 18 Tenn. (10 Yerg.), 532; *State* v. *Pool,* 72 Tenn. (4 Lea), 363; *Tomasson* v. *The State,* 112 Tenn., 596; *Green* v. *The State,* 147 Tenn., 299. These cases all declare that the matter of the discharge of the jury is one of great delicacy in which the trial Court should act with caution, and that such action should be taken only when necessity requires.

As to what constitutes this necessity, in *Mahala* v. *The State, supra,* Judge TURLEY said:

"1st, where the court is compelled by law to be adjourned before the jury can agree upon a verdict; 2nd, where the prisoner, by his own misconduct, places it out of the power of the jury to investigate his case correctly, thereby obtaining an unfair advantage of the State, or is himself, by the visitation of Providence, prevented from being able to attend to his trial; and 3rd, where there is no possibility for the jury to agree upon and return a verdict."

In *State* v. *Pool, supra,* the Court expressed the opinion that the law had been too rigidly interpreted in *Ma-*

*hala* v. *The State,* and said "the right rule is that where there is no possibility to agree upon and return a verdict the Court may discharge it (the jury) without the consent of the accused."

*(3)* In *Green* v. *The State, supra,* after a full review of the authorities, it was declared, quoting *Thompson* v. *United States,* 155 U. S., 271, 39 L. Ed., 146:

"Courts of justice are vested with the authority to discharge a jury from giving any verdict, whenever in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated, and to order a trial by another jury; and that the defendant is not thereby twice put in jeopardy."

*(4)* Inasmuch as the action of the trial Court in discharging a jury and entering a mistrial is subject to review, this Court said in *State* v. *Pool, supra,* that "the reasons for such conclusion should be set out in its order of discharge that a revising Court may consider them." Although there is a conflict of authority, this is the rule in some other jurisdictions. 8 R. C. L., 159.

The order in this case did not purport to set out any of the facts incident to the discharge of the jury, nor the reasons of the trial Court for such direction. All that the technical record shows is that the case was submitted to the jury on one day and the jury discharged early on the morning of the next day. The plea of defendant averred that the jury took the case late in the afternoon of one day and were discharged at the meeting of Court early on the morning of the next day, and that the Court remained in session for several days thereafter.

Upon this showing of the record, we are not able to conclude that any necessity for the early discharge of this jury existed, and such discharge was improper.

The plea of former jeopardy should have been sustained, and the judgment below must accordingly be reversed.