M. L. HOLT *v.* THE STATE.*

(*Nashville,* December Term, 1929.)

Opinion filed March 1, 1930.

Newman Brandon, Jr., for plaintiff in error.

W. F. Barry, Jr., Assistant Attorney-General, for defendant in error.

Mr. Justice Cook delivered the opinion of the Court.

At 11:45 on the night of July 1, 1928, Buddy Holland, an escaped convict, robbed the cashier of the Dixie Restaurant at Fifth Avenue and Broad Street. Plaintiff in error, a boy about eighteen years of age, and Ralph Delaney, an ex-convict, were charged as accomplices. Miss Evie Carnes, the cashier of the restaurant, saw Holland only. She heard no automobile leave the front door. A negro boy who worked at Foutch's drug store across the street testified that plaintiff in error and Delaney were waiting in an automobile near the front of the restaurant while Holland robbed it and that they took him in and carried him away after the robbery.

Plaintiff in error insisted that he and Delaney left Holland about nine o'clock and went to Radnor Yards intending to leave town on a freight train. Being unable to find a train for their destination, they returned to the city and came upon Holland between Seventh and Eighth Avenues about fifteen minutes after the robbery was committed.

The three were arrested fifteen or twenty minutes after the robbery while about to enter Delaney's room on Eighth Avenue, South, near McGavock Street. They were indicted July 3, 1928, and on October 1st put upon trial on pleas of not guilty before a jury in the 2nd Division of the Davidson County Criminal Court, presided over by Honorable Thomas L. Cummings, Special Judge, who was chosen to hold the court during the illness of Judge Garard.

After hearing all the evidence, court adjourned and the jury was respited. Judge Garard died before court convened the next day and a mistrial was entered. Counsel for Delaney and Holland agreed to a mistrial. The District Attorney understood that counsel for Holt also

agreed but this was denied and became a matter of dispute, upon which the trial judge heard proof and decided that the mistrial was entered by consent of counsel for all of the parties. The minute entry under the caption of October 1, 1928, made the contest useless. This entry reads:

" 'Came the Attorney-General who prosecutes for the State and the defendants in person, also the jury which was on yesterday respited from the further consideration of this cause until the meeting of court today, came here into open court in charge of their sworn officers.

" 'Thereupon the jury, having heard the remainder of the evidence, argument of counsel and charge of the court, retired to consider of their verdict. Returning into court, the jury on their oath do say: That they are unable to agree as to their verdict.

" 'Thereupon, the jury was discharged.

" 'It is therefore considered by the court that a mistrial be and is hereby entered in this cause.'

"On motion of the defendant M. L. Holt, and it appearing to the court that the said minute entry was inadvertently entered and is erroneous, it is, without objection from the Attorney-General ordered by the court that the said minute entry be and is vacated and for nothing held and that in lieu thereof the following order shall be entered:

"'Came the Attorney-General who prosecutes for the State also the jury which was on yesterday respited from further consideration of this cause until the meeting of court today, came here into open court in charge of their sworn officers, the defendant M. L. Holt not being present in open court but being confined in jail.

" 'Thereupon, the death of Hon. Frank Garard, the judge of this court having been reported to the court His Honor Tom L. Cummings, Special Judge who was sitting and who had heard the trial of this cause, with the consent of counsel of record for the defendants Albert Holland and Ralph Delaney, but in the absence of the defendant M. L. Holt and of his counsel and with the consent of the Attorney-General who then and there stated that after talking with counsel for the defendant M. L. Holt, had agreed with him to the entry of a mistrial and so stated to the court, the said Special Judge, Hon. Tom L. Cummings, advised the jury of the death of Judge Garard and advised them a mistrial should be entered and instructed them to return a verdict that they were unable to agree upon a verdict. Which they, the said jury did.

" 'The cause was not argued by counsel nor was the jury charged as to the issues involved in the cause.

" 'Thereupon, the jury was discharged.

" 'It is therefore considered by the court that a mistrial be and is hereby entered in this cause.' "

The controversy between the counsel for plaintiff in error and the District Attorney suggests a misunderstanding beginning with the entry of the mistrial and continuing until the plea of former jeopardy was presented to the court. Counsel for plaintiff in error insisted, at least from the date of his motion to correct the minute entry, that he had not agreed to the mistrial and is now insisting that he had no authority to waive the presence of the prisoner and make such an agreement for him.

A timely plea of former jeopardy was filed, setting forth the facts shown by the record. The plea was over-ruled in the trial court, the prisoner put to trial, and found guilty of the inclusive offense of petit larceny and his maximum punishment assessed at two years' imprisonment. He appealed from the judgment upon the verdict and insists through assignments of error that the evidence preponderates against the verdict, that the trial judge erroneously dismissed the plea of former jeopardy and through two other assignments of error insists that incompetent and prejudicial evidence was admitted over his objection.

The Constitution, Article I, section 10, declares that no person shall, for the same offense, be twice put in jeopardy of life or limb. While the words of the Constitution confine the guarantee to cases involving life or limb, underlying principles of the common law go beyond, and where the protection against second jeopardy is not given by the Constitution, it is secured by the common law. *State* v. *Reynolds,* 4 Hayw., 110; *Greenwood* v. *State,* 6 Baxt., 569.

The right not to be put in jeopardy a second time for the same offense is as important as the right of trial by jury, and is guarded with as much care.

One accused of crime is in jeopardy when put to trial in a court of competent jurisdiction, upon a valid indictment, before a jury sworn to try the issues and make deliverance. *Green* v. *State,* 147 Tenn., 299. Jeopardy signifies the danger of conviction and punishment which the defendant in a criminal prosecution incurs when duly put to trial before a court of competent jurisdiction. 8 R. C. L., p. 133. The rule is designed to protect the individual, obnoxious to the government, from successive

harrassing prosecutions for a single offense. It might properly be called a rule designed to encourage repose and peace.

■ Judge Cummings was elected special judge September 25, 1928. His election under section 5730 of Shannon's Code was for the occasion, that is for the term, during the absence of the regular judge. *Low* v. *State,* 111 Tenn., 87. His election as special judge carried with it all the power and authority of the presiding judge. *Brewer* v. *State,* 74 Tenn. (6 Lea), 198. The term at which he was elected commenced the first Monday in September and ended with the commencement of the succeeding term, the first Monday in January; and as stated, during the term he possessed all the authority of the regular judge when he empaneled the jury to try plaintiff in error upon the indictment in this case.

The prisoner was in jail. A jury was impaneled and sworn to try him and the cause had proceeded to a conclusion of all the evidence, when during the absence of the prisoner and without his knowledge, the trial was suspended and the jury discharged, as insisted by the State by consent of counsel for plaintiff in error.

■ After plaintiff in error was put upon trial a mistrial could not be entered except for manifest necessity. This proposition is illustrated and sustained by the following authorities: *Manning* v. *State,* 155 Tenn., 266, and cases cited; *Bellis* v. *State,* 7 S. W. (2d), 46; *Upchurch* v. *State,* 44 L. R. A., 694, Note II; *State* v. *Smith,* 8 L. R. A., 774.

These propositions are elementary and the inquiry narrows itself to whether or not counsel for the accused could waive his presence and agree to a mistrial.

It is a principle pervading the entire law of criminal procedure that no determinative step should be taken in a criminal prosecution, involving a felony unless the accused is personally present. The accused has a constitutional right to be present during the whole trial and the discharge of the jury in his absence it is said operates as an acquittal, unless such absence is caused by the prisoner's flight or illness. 16 C. J., 251.

It was held in *Poe* v. *Smalling,* 94 Calif., 112, that the accused might waive his presence through counsel, while in *Cook* v. *State,* 60 Ala., 39, the right of counsel to waive the presence of the accused is denied.

It appears from this record that plaintiff in error was arraigned for trial on a valid indictment in a court of competent jurisdiction before a jury sworn to try him upon his plea of not guilty and that no reasonable or compelling necessity existed for the entry of a mistrial. Notwithstanding the District Attorney may have understood that counsel for plaintiff in error waived his presence and agreed to the mistrial, such agreement was beyond the authority of counsel. *Percer* v. *State,* 118 Tenn., 776.

The prisoner was in jail. He had no opportunity to confer with is counsel and be advised of his rights, and as a result has been in custody since July, 1928. True a portion of the time he was serving a jail sentence that had been imposed but for a great portion of the time awaiting a disposition of the charge upon which he insists the jury should have been permitted to make their deliverance on October 2, 1928.

We are of the opinion that the defendant was in jeopardy and is entitled to his discharge.