BATTLE *et al. v.* NATIONAL LIFE & ACCIDENT INS. CO.

(*Nashville,* December Term, 1941.)

Opinion filed January 17, 1942.

Jos. L. LACKEY and LEE A. ENOCH, JR., both of Nashville, for plaintiffs in error.

J. L. REYNOLDS, TYNE, PEEBLES, HENRY & TYNE, and DUDLEY PORTER, JR., all of Nashville, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Six suits to recover damages for breach of contract which were consolidated for hearing, the basis of liability being the same in each case.

These suits were begun in the general sessions court where they were dismissed and taken to the circuit court by petitions for writs of *certiorari.*

The following judgment was entered in the circuit court on August 10, 1939:

"These cases came on to be heard before the HON. A. H. ROBERTS, JR., Special Judge, etc., sitting without the intervention of a jury, upon oral testimony, exhibits and argument of counsel, upon consideration of all of which

the Court finds in favor of each of the respective plaintiffs, but the evidence being insufficient to show the amount the plaintiffs are entitled to recover, it is accordingly ordered that these cases be, and the same are hereby referred to the Clerk, who will make and file his report at the next term of the Court upon the following question, to-wit:

"1. What is the total amount of premiums paid by plaintiffs to defendant upon the policies sued on, and what amount, if any, has defendant paid plaintiffs under the disability or other provisions of the policies?

"Until the incoming of the report, all other matters are reserved.

"The Clerk will hear proof under this reference at such times as may be agreed upon, and he may give counsel for the parties reasonable notice of the taking thereof.

"The foregoing cases were heard and judgment rendered on July 27, 1939, and this order is entered nunc pro tunc.

"To the foregoing action of the Court in holding that the defendant is indebted to or liable to the plaintiffs in any amount, the defendant excepts."

Pursuant to said order of reference the clerk filed his report on February 27, 1941, in which the amount due by defendant to each plaintiff was stated.

On March 17, 1941, the defendant entered a motion to have the judgment of August 10, 1939, declared void, which motion was sustained by Special Judge A. H. ROBERTS, JR., his judgment containing this recitation:

"It is therefore ordered and adjudged by the Court, that the order and judgment heretofore entered in the above styled cases be, and the same is hereby vacated,

set aside and for naught held, and that said cases be, and the same are hereby reinstated upon the trial docket for a trial anew.''

From this judgment plaintiffs pray and were granted an appeal to this Court which was dismissed on June 14, 1941, because not from a final judgment. In a memorandum opinion it was stated that if the trial court was without jurisdiction or acted illegally in entering said judgment that the matter could be brought to this Court by a petition for writ of *certiorari.* Such a petition was filed on June 24, 1941, and on November 19, 1941, Chief Justice GREEN ordered writs of *certiorari* and *supersedeas* to issue and the case placed on the docket for argument, which has been waived.

Unquestionably the circuit court was without jurisdiction on March 17, 1941, to set aside the judgment of August 10, 1939, in which the rights of the parties were adjudged and a reference ordered as to premiums paid by plaintiffs and the sums paid them by defendant under the disability or other provisions of the policies. In other words, the court found that the defendant was indebted to plaintiffs, but ordered a reference as to the amounts of such indebtedness.

In *Mayor, etc., of Morristown* v. *Love,* 160 Tenn., 177, 183, 184, 22 S. W. (2d) 769, 770, the Court quoted approvingly from *Citizens' Bank & Trust Co.* v. *Bayles,* 153 Tenn., 40, 50, 281 S. W., 932, the following:

''While the line between interlocutory decrees, subject to be revised at a subsequent term, and those not subject to such reconsideration, cannot be scientifically defined, yet it may be stated as the general rule that, if such interlocutory decrees settles a principle, or adjudges a right, or determines an issue, then, in such case,

it is not open for revision at a subsequent term. *Allen* v. *Shanks*, 90 Tenn., 359, 16 S. W., 715; *Boyd* v. *Sims*, 87 Tenn., 771, 11 S. W. 948; *Johnston* v. *Hanner*, 70 Tenn. (2 Lea), 8; *Meek* v. *Mathis*, 48 Tenn. (1 Heisk.), 534; *Vaccaro* v. *Cicalla*, 89 Tenn., 63, 14 S. W., 43.

"If, however, it be a mere order adjudging no issue— as an order concerning the preparation of the cause, or an order granting an injunction, or dissolving or modifying one—such orders are subject to revision and reconsideration at the subsequent term for they are in no sense an adjudication of rights. *Allen* v. *Shanks, supra.*

"These decisions are justified under section 4699 of Shannon's Annotated Code, which is as follows:

" 'A judgment or decree may be interlocutory or final to be determined by the subject-matter and substantial purport thereof.'

"In other words, all interlocutory decrees which determine an issue shall be treated as final and not subject to review at a subsequent term."

█ It is next insisted that the judgment of August 10, 1939, is void for uncertainty of amount. To this we are unable to agree. Having found the determinative issue as to liability in favor of plaintiffs, the court, with the evidence before it which the reference is to supply, will be in a position to render judgments for the correct amounts.

Finally, it is said that the judgment of August 10, 1939, is void for want of jurisdiction in that it purported to continue a special judge's authority over into another term. We are cited to no authority in support of this insistence. The rule is firmly established in this jurisdiction that a special judge has all the powers of a regular judge. *Holt* v. *State,* 160 Tenn., 366, 24 S. W. (2d), 886;

*Brewer* v. *State,* 74 Tenn. (6 Lea), 198; *Gold* v. *Fite,* 61 Tenn. (2 Baxt.), 237; *Brogan* v. *Savage,* 37 Tenn. (5 Sneed), 689. In fact, it is so provided by statute, section 9915 of the Code reading as follows:

"The person so commissioned shall have all the power and authority of the regular judge or chancellor in whose place he is appointed, and shall continue to hold the courts and exercise the duties of the office until notified by the regular officer that he is in a condition to resume his functions."

Section 8774 of the Code provides as follows:

"If the matters in issue upon the pleadings are of complicated account, the court of law may direct a reference to the clerk or a special commissioner, as in the court of chancery, allowing a trial by jury of any particular matters of fact arising upon such account."

By virtue of these statutes we think Judge ROBERTS was authorized to order a reference returnable to the next term of court. The question of his authority to act upon said report at a subsequent term is not involved, and we express no opinion with respect thereto. As a matter of fact, the record fails to disclose whether Judge ROBERTS was appointed for the term or simply to preside at the hearing of this particular case. In the latter event there is authority that his jurisdiction does not end with the term at which he was selected. Our statute does not deal specifically with this question.

In many of our rural counties the chancery and circuit courts are frequently in session for only a few days, thus making it impracticable to make an order of reference returnable to the term then in session. To hold that the special judge or chancellor cannot make an order of reference returnable to a subsequent term would be to deny to him the authority expressly conferred by statute.

It may be doubted whether the defendant is in a position to raise this question since it has, in effect, acceded to the jurisdiction of Special Judge ROBERTS by procuring him to set aside his judgment of August 10, 1939, at a subsequent term, and at the same subsequent term has invoked the jurisdiction of Judge ROBERTS to strike from the files the report of the clerk on the order of reference.

We conclude, therefore, that Judge ROBERTS exceeded his jurisdiction in setting aside said judgment of August 10, 1939, as well as the report of the clerk based upon his opinion that the judgment of August 10, 1939, was void. It follows that his judgments of March 17 and March 29, 1941, will be set aside and the cases remanded for further proceedings. The defendant will be taxed with the costs acrued in this Court, other costs to be adjudged on the final hearing of the cases.