COONRADT *et al. v.* SAILORS.

(*Nashville*, December Term, 1947.)

Opinion filed February 28, 1948.

Rehearing denied April 19, 1948.

BENNETT ESLICK and CHAS. E. HAGAN, both of Pulaski, for appellants.

JOE W. HENRY, JR., of Pulaski, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

On August 11, 1941, Miss Annie Coonradt and Mrs. Grace Moffett Coonradt filed a joint petition in the County Court of Giles County seeking the adoption of Lonnie Vester Coonradt, who was the infant daughter of the latter. The court had jurisdiction of the case and the proceedings were entirely in conformity with our adoption statutes.

A decree was entered adopting the child and conferred upon her the right of inheritance from the adopting parent, Miss Annie Coonradt. · She had made her home with Miss Coonradt, who reared her from infancy, until December 7, 1943, at which time both parties to the original adoption proceedings filed a second petition in the County Court of said county, in which they prayed for an annulment of the adoption.

The petition recited that the mother had remarried and was financially able to care for her infant daughter, who, at that time, was fifteen years old. The adopted child was not represented by guardian or guardian *ad litem* in the latter action. No notice or process of any kind was served upon her. An order of annulment was entered and reads as follows:

"It is, therefore, ordered, adjudged and decreed that the prayer of said petition be granted, and that the adoption proceedings and the decree thereon wherein the minor, Lonnie Vester Coonradt, was adopted by

Miss Annie Coonradt, be annulled, set aside and for nothing held. . . . It is further ordered that all rights acquired by the minor, Lonnie Vester Coonradt, as the adopted child of Miss Annie Coonradt and under said former adoption proceedings, and the decree thereon, be canceled, annulled and for nothing held.''

More than two years elapsed between the adoption proceedings and the proceeding for annulment. Subsequently, Miss Annie Coonradt died intestate, leaving an estate of inheritance, to wit, a house and lot in Pulaski, Tennessee.

The adopted child had married one Sailors and became a resident of Indiana. On December 17, 1946, she filed suit, by next friend, in the Chancery Court reciting the death of Miss Annie Coonradt and that the latter died intestate, owning in fee the above mentioned property. The bill then refers to both the adoption proceedings and the attempted annulment and alleges that the decree of annulment was unknown to the laws of this State and that it was null and void. The prayer of the bill was for a declaratory decree as to the complainant's right to inherit from the adopting parent as against all rights of her collateral kin, who were made defendants to the bill.

An answer was filed admitting the truth of the facts set forth in the bill as to the adoption, etc., but denied that the decree of annulment was null and void. It is contended in the answer that the County Court had jurisdiction of the parties in the original proceedings for adoption and also in the action for annulment and as result of the annulment the said minor ''was not the sole heir at law and distributee of the property of the said Annie Coonradt.

The answer undertakes to state reasons for the annulment action by alleging that the said minor "became very disobedient, disrespectful and unruly, etc.; that she had become so dissolute that she was driving Annie Coonradt, her foster mother, almost distracted and entailed upon her sorrow and disgrace."

The cause was heard on bill and answer, including answers of the guardians *ad litem* appointed by the court, and a decree entered sustaining the complainant's contention that the decree of annulment of the adoption was null and void and that complainant was the sole heir and distributee of Annie Coonradt.

An appeal was prayed and granted to this Court. The only error complained of is that the Chancellor erred in holding that the decree annulling the adoption of the complainant was null and void.

Under the foregoing assignments there is presented two determinative issues. Appellants insist (1) that the County Court had full authority to annul, vacate and set aside the adoption decree, and (2) that the annulment decree was in effect a second adoption, which operated to deprive complainant of her inheritable right to the estate of Annie Coonradt.

■ The Chancellor filed with the record an able and exhaustive opinion, in which he held that in the matter of adoption the County Court was given general jurisdiction, but that it did not extend beyond the express statutory limitations found in the statutes; that the proceeding for annulment was in excess of its jurisdiction, the court having only such powers as are expressly conferred upon it. *Railway Co.* v. *Wilson County*, 89 Tenn. 597, 15 S. W. 446; *State* v. *True*, 116 Tenn. 294, 95 S. W. 1028; *Walsh* v. *Crook*, 91 Tenn. 388, 19 S. W.

19; *Judges' Salary Cases* (*Colbert* v. *Bond*), 110 Tenn. 370, 75 S. W. 1061; *Johnson* v. *Brice*, 112 Tenn. 59, 83 S. W. 781. Other cases might be cited but the above are sufficient to sustain his ruling.

We find nothing in our adoption statute which confers upon the county court jurisdiction to hear and determine a suit for the annulment of an adoption decree. The only law we have governing the adoption of children is the following:

"Section 9568. Adoption.—Any person wishing to adopt another as his child, shall apply by petition, signed by the applicant, and setting forth the reasons therefor, and the terms of the proposed adoption.'

"Section 9569. Judgment.—The court if satisfied with the reasons given, may sanction the adoption by decree, entered upon the minutes, embodying the petition, and directing the terms of adoption.

"Section 9570. Effect.—The effect of such adoption, unless expressly limited by the judgment or decree, is to confer upon the person adopted, all the privileges of a ligitimate child of the applicant, with capacity to inherit and succeed to the real and personal estate of such applicant, as heir and next of kin; but it gives to the person seeking the adoption no reciprocal rights of inheritance and succession, nor any interest whatever in the estate of the person adopted."

By the great weight of authority, the adoption of a child is governed by statute and to effect a legal adoption it must be strictly complied with. If there is no provision made for the annulment of a valid decree of adoption, the right does not exist. *In re Monroe's Ex'rs*, 132 Misc. 279, 229 N. Y. S. 476, 478, it is said: "As the law of adoption is in derogation of the common

law, nothing can be assumed, presumed, or inferred, and what is not found in the statute law is a matter for the Legislature to supply, and not for the courts."

In a number of jurisdictions adoption is by contract; in some by deed approved by the court, and in others by proceedings in a court of law or equity. It cannot be doubted that in certain circumstances a court of equity has full authority to set aside decrees of adoption, as where it is plainly for the best interest of the adopted child, or where all parties in interest agree. *In re McDevitt*, 176 App. Div. 418, 162 N. Y. S. 1032.

In some jurisdictions the statute expressly authorizes the court to annul an adoption "after a hearing and for good cause shown." Code Ala. 1923, section 9302. *Buttrey* v. *West et al.*, 212 Ala. 321, 102 So. 456, 458. In this case it was held "that an adopted child is 'recalcitrant and incorrigible' is not good cause to annul the adoption, unless child has reached such maturity as to be responsible for crime."

Where one voluntarily assumes the relationship of parent to a child by formal adoption, it cannot be lightly cast aside. The relationship involves duties of care, maintenance and education with rights of custody, control and service of the child. Society has an interest in this relationship, and we think the Legislature alone should supply the procedure to be followed, as well as define the cause, if any, whereby the relationship may be dissolved. In the absence of such a statute the courts will not assume jurisdiction to annul a decree of adoption at the instance of the adopting parent and cast the child adrift to again become a public charge.

Moreover, the appellants have cited no case which holds that the proceeding for the adoption of a child, including the court's decree, rests continuously in the breast of the court and is subject to be vacated at any time, nor indeed can any be found. We think the final decree of the court in cases of this kind does not differ from that of any other court of record, and that it has no power over its final decrees rendered at a former term. *Citizens' Bank & Trust Co.* v. *Bayles,* 153 Tenn. 40, 281 S. W. 932.

In *State* v. *Dalton,* 109 Tenn. 544, 72 S. W. 456, 457, it is said: "So long as the court remains in session, the record is in the breast of the judge, and all judgments entered at that term may be vacated or modified upon any subsequent day of the term, but upon final adjournment the power of the court over the record is gone." See also *Mayor & Aldermen* v. *Love,* 160 Tenn. 177, 22 S. W. (2d) 769; *Battle* v. *National Life & Accident Ins. Co.,* 178 Tenn. 283, 157 S. W. (2d) 817, 818, and *Maury County Trust Co.* v. *Consolidated Phosphate Co.,* 179 Tenn. 8, 162 S. W. (2d) 397, 169 A. L. R. 116.

Counsel for complainant contends that the adoption decree of August 11, 1941, cannot be attacked by the appellants. The learned Chancellor so held and is supported by numerous authorities. Vol. 1, Am. Jur., p. 671. In our own case of *James* v. *Williams,* 169 Tenn. 41, 82 S. W. (2d) 541, 545, the Court said: "Col. James invoked the jurisdiction of the County Court of Davidson County in the adoption proceedings. He acted upon and acquiesced in the decree granted on his application. He could never have been heard to question the validity of that decree. He would have been estopped from attacking that decree on the ground he was not a resident

of Davidson County, and perpetrated a fraud on the court. Estoppel of parties applies to privies in blood and in law. *Nugent* v. *Powell*, 4 Wyo. 173, 33 P. 23, 20 L. R. A. 199, 62 Am. St. Rep. 17. Complainants are in privity with Col. James and possess no greater right than he had, while living. They stand in his shoes in all respects with regard to the adoption.''

In the case at bar the appellants are in privity with Miss Annie Coonradt. She procured the adoption and since she would not be heard to question its validity, neither can the appellants. The appellants could not attack the adoption decree collaterally ''except for want of jurisdiction'' appearing affirmatively on the face of the record. *Crocker* v. *Balch*, 104 Tenn. 6, 55 S. W. 307; *Magevney* v. *Karsch*, 167 Tenn. 32, 65 S. W. (2d) 562, 92 A. L. R. 343; *Clements* v. *Holmes*, 22 Tenn. App. 230, 234, 120 S. W. (2d) 988.

But counsel for appellants say that the second proceeding under which the decree of adoption was annulled was in effect a second adoption which in legal effect deprived complainant (the adopted child) of the right to inherit from Miss Annie Coonradt. In other words, it is claimed that the second proceeding was a formal application by the mother for the adoption of her own child, who had previously been adopted. We find no fact in the record to sustain this contention. The petition is captioned, ''For the annulment of Lonnie Vester Coonradt.'' It prays for an annulment. The Chancellor found as a fact that ''nowhere in said petition is it made to appear that the natural mother of this child desires to adopt said child.''

Now conceding that the second proceeding was in effect a second adoption, it does not deprive the appellee of

her inheritable right which she acquired by virtue of her first adoption by Miss Annie Coonradt.

■ Counsel for appellants cite and rely upon *In re Klapp's Estate*, 197, Mich. 615, 164 N. W. 381, L. R. A. 1918A, 818, which holds that the revoking or superseding order releases the right of custody and also deprives the adopted child of the rights of heirship under the first proceeding. We think this case, as well as *In re Talley's Estate*, 188 Okl. 338, 109 P. (2d) 495, 132 A. L. R. 773, follows the minority rule. The annotator in the case of *In re Klapp, supra*, states that the weight of authority is to the contrary. It cannot be questioned under our authorities but that complainant acquired the right, by virtue of her adoption, to inherit from Miss Annie Coonradt. See Adoption Statutes, *supra; Taylor* v. *Taylor*, 162 Tenn. 482, 40 S. W. (2d) 393; *Baskette* v. *Streight*, 106 Tenn. 549, 62 S. W. 142.

A re-adoption does not in any way affect the right of the adopted child to inherit from previously adopted parents. *In re Sutton's Estate*, 161 Minn. 426, 201 N. W. 925. To the same effect see *Russell's Adm'r* v. *Russell's Guardian*, 14 Ky. Law Rep. 236; *Patterson* v. *Browning*, 146 Ind. 160, 44 N. E. 993.

In *Villier* v. *Watson's Adm'x*, 168 Ky. 631, 182 S. W. 869, 872, L. R. A. 1918A, 820, the Court held: "All the authorities agree, that the fact of adoption does not lose the adopted child's right of inheritance from his parents. With this right existing, it would be difficult to see why a child could not inherit from two or more persons who might by adoption bestow that right upon him." See also *Holmes* v. *Curl*, 189 Iowa, 246, 178 N. W. 406.

In *Dreyer* v. *Schrick*, 105 Kan. 495, 185 P. 30, 33, it was held, ''While the adoption statute creates a new relation of parent and child, and confers new capacity to inherit, it does not purport to cut off capacity to inherit already enjoyed.''

We have no statute in this State preventing dual inheritance. Under our statute the adoption of complainant by Annie Coonradt did not cut off her right to inherit from her natural parents, nor did the attempted annulment (miscalled a second adoption by the natural mother) in any way destroy her right to inherit from the first adopting parent, Miss Coonradt.

The assignments of error are overruled and the decree of the Chancellor is affirmed.

All concur.

ON PETITION TO REHEAR.

Appellants have filed a lengthy petition to rehear complaining generally, but not specifically, of errors in the Court's opinion. The petition is devoted largely to the discussion of the jurisdiction of the county court over all its judgments and decrees wherein it had ''general jurisdiction,'' and that this Court was in error in holding that it lacked authority to set aside or annul an order of adoption.

Petitioner further contends that we overlooked the order of annulment which recited, ''Said minor child is now fourteen years of age and likewise desires the annulment of said adoption and desires to return and reside with her mother.''

There is no merit whatever in the first contention, which again poses the direct question of the authority of the county court to set aside its own decree. The

brief of counsel merely reargues this question and cites no authority that has not been given full consideration by the Court.

We have repeatedly held that the county court's jurisdiction is derived solely from the Legislature, and if jurisdiction is withheld it does not exist. Its authority to set aside or modify an order or decree in any case, including orders of adoption, is lost after the expiration of thirty days from its entry or following the adjournment of the term. Cases are cited in the original opinion to this effect and they are not controverted in this petition to rehear.

Moreover, the Legislature must have had a valid reason for not conferring upon the court authority to set aside at any time at the instance of the adopting parent, decrees of adoption. When the status of a child is once fixed by adoption all parties to the proceeding should, in the absence of fraud, be estopped to complain about it. Its care and custody is not a prize to be won and lost in recurring lawsuits that are plainly prejudicial to its own happiness and security. The courts cannot recognize the right of the adopting parent to renounce his obligation to the child, even though the natural parent may desire to again assume its care and custody, where there is no statute to authorize it.

When Vester Coonradt Sailors was legally adopted by Miss Annie Coonradt, and thus given the same legal status as every child born in lawful wedlock, she could not by any court order or decree be absolved from her legal obligation to the child any more than a natural parent could invoke the jurisdiction of the court to grant the same relief. Such a proceeding is not authorized by any statute in this State and no court

has any inherent jurisdiction to enter such an order. The mere fact that the child may have consented to the decree in no way affects the rights of the parties involved since jurisdiction may not be acquired by consent. All the authorities are to that effect.

Petition is accordingly denied.

All concur.