GLADYS DEAN CLEMENTS

*v.*

WALTER LEE MORGAN, to Adopt ROBBIE DEAN MORGAN

(*Knoxville,* September Term, 1956)

Opinion filed December 7, 1956.

ATCHLEY & ATCHLEY and HARGRAVES & HARGRAVES, Chattanooga, for appellant.

L. D. Miller, Jr., Chattanooga, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

The court below sustained the intervening petition of the Department of Public Welfare and awarded the custody of the child in question, Robbie Dean Morgan, age nine years, to the Department of Public Welfare.

The record discloses that Mrs. Gladys Dean Clements and her husband Doctor Claude A. Clements filed a petition for the adoption of this child on September 2, 1952. At the time the petition was filed the child had been in their home since March 11, 1952. The mother of the child was partially paralyzed and unable to care for her children.

On August 26, 1952, a written consent was obtained from the parents of the child in order that the petitioners could adopt it.

Some two days after procuring the consent to adopt on or about December 4, 1953, an interlocutory decree of adoption was entered.

From this time until the filing of the intervening petition by the Department, September 8, 1955, nothing was done in the proceedings. In the meantime there were domestic difficulties in the home of the petitioner and the record shows that Mrs. Clements threatened the life of her husband, Doctor Clements, and shot at him with a pistol. Later on Doctor Clements withdrew as a petitioner.

Finally, on or about March 16, 1956, a hearing was had in open court in the presence of all parties concerned, with their solicitors present, and later the custody of the child was awarded the Department of Public Welfare.

We are of the opinion that T.C.A. sec. 36-124 clearly provides that an adoption proceeding must be completed or dismissed by entering a final order within two years of the filing of the petition. The fact that a final order had not been entered within the two year period was brought properly to the court's attention by the Department, and the Department also undertook to show that Mrs. Clements was not a fit and proper person to have the custody and control of the child.

T.C.A. sec. 36-124 provides:

"Final order of adoption—When entered.

"If no appeal has been taken from any order of the court, the court must complete or dismiss the proceeding by entering a final order within two (2) years of the filing of the petition. A final order of adoption must not be entered earlier than one (1) year from the date of the interlocutory decree except as hereinafter provided.

"If an appeal is taken from an order of the court, the proceeding must be completed by the court by

entering a final order of adoption or a final order dismissing the proceeding within one (1) year from the final judgment upon the appeal.''

We are of the opinion that this statute must be complied with in all things.

■ The right of adoption is not a natural one and was unknown to the common law. *Rogers v. Baldridge*, 18 Tenn. App. 300, 76 S.W.2d 655.

■ The adoption of a child is governed by statute and to effect a legal adoption it must be strictly complied with. *Coonradt v. Sailors*, 186 Tenn. 294, 209 S.W.2d 859, 2 A.L.R.2d 880; *In re Knott*, 138 Tenn. 349, 197 S.W. 1097.

■ ■ We are further of the opinion that the petitioner below and appellant here was afforded every opportunity to be heard on the petitions filed and failure to give notice does not constitute reversible error.

It results that we find no error in the decree of the lower court and it is affirmed.