GLADYS DEAN STEWART CLEMENTS

*v*

TENNESSEE WELFARE DEPARTMENT.

CLAUDE A. CLEMENTS et al.

*v.*

WALTER LEE MORGAN et al.

(*Knoxville,* September Term, 1957.)

Opinion filed December 6, 1957.

Rehearing Denied February 6, 1958.

O. W. McKenzie, Dayton, for Claude A. Clements and others.

L. D. Miller, Chattanooga, for Walter Lee Morgan and others.

Bess Blake, Nashville, for Department of Public Welfare.

Mr. Justice Prewitt delivered the opinion of the Court.

The above two causes have heretofore been consolidated and were orally argued at the bar of this Court.

At the outset reference is made to our opinions appearing in 201 Tenn. 94, 296 S.W. 2d 874 to 879 inclusive, the style of the first case being *Clements v. Morgan,* and the cause *In re Clements,* both of said opinions being for publication and dated December 7, 1956.

Following the rendition of the opinion, the effect of which was to turn over the two children in question to the Department of Welfare, the petitioner, Mrs. Gladys Dean Clements was cited and adjudged in contempt of court by the Chancery Court, in that she had failed to turn over said children to the Department. She then purged herself of contempt by turning over the children to the Department. Then Mrs. Clements moved to Rhea County, Tennessee, and filed an adoption proceeding in the Circuit Court of that County, to adopt said children. It seems in that proceeding the Department of Welfare was made a party, filed a plea of *res adjudicata* setting out all of the facts and circumstances surrounding the adjudication in Hamilton County, and asked that the petition of adoption in Rhea County be dismissed. The Circuit Judge heard the complainant's proof in said proceeding at Dayton, overruled the plea of *res adjudicata* and awarded the custody of the children in question to the then petitioner, Gladys Dean Clements. But the trial court failed to allow the Department to make further defense after overruling the plea of *res adjudicata.* Thereupon, the Department of Welfare filed a petition for *certiorari* and *supersedeas* in this Court and the record is before us in the Rhea County proceeding by reason of

this petition. The contempt proceedings in the Chancery Court of Hamilton County are hereby appeal.

It is insisted by Gladys Dean Clements, appellee in the Rhea County cause, and appellant in the Hamilton County cause that since the former opinions heretofore referred to, it appeared that the merits of the case were not passed upon by the Chancellor at Chattanooga, and such being the case Mrs. Clements had a right to file her petition for adoption in the Rhea County case.

On the other hand, the Department of Welfare insists that the decree of Chancellor Curry of Chattanooga in the former proceeding, was final wherein the custody of the two children were awarded to the Department, and that such proceedings were *res adjudicata* of the controversy between the parties and therefore the Circuit Court Judge at Dayton had no jurisdiction to try the adoption case. That in said adoption proceedings at Chattanooga, petitioner had full opportunity to present her case.

■ ■ We are of the opinion that the plea of *res adjudicata* filed in the Circuit Court at Dayton by the Department of Welfare was not good. It seems clear from the entire record that there has never been an adjudication of this cause on the merits. However, we are of the opinion that the Department of Welfare should be given a full opportunity to appear in the Circuit Court at Dayton and make any defense it sees proper on the question of the best interest of the children involved.

This being our view of the case the judgment of the Circuit Court awarding custody of the children to Mrs. Clements will be set aside and vacated. All parties in-

terested will be given a full opportunity to present their proof. As to the case coming from the Chancery Court of Hamilton County on the question of contempt, the decree of the Chancellor is affirmed.

Reference has been made to *Coleman v. Coleman*, 190 Tenn. 286, 229 S.W.2d 341, where it was held that the exclusive jurisdiction of the cause continued in the court first obtaining jurisdiction. This is true but the decree entered by the Chancellor in the Hamilton cause was final, and thus disposing of the case it might be added we think the above disposition of the cause will protect the interest of the minors and this is the primary thought of the Court. See *Johnson v. Johnson*, 185 Tenn. 400, 206 S.W.2d 400; *Davenport v. Davenport*, 178 Tenn. 517, 160 S.W.2d 406.

It results that the petition for *certiorari* and *supersedeas* in the Rhea County cause will be sustained and the cause remanded to the Circuit Court at Dayton to be proceeded consistent with this opinion.

Mrs. Clements will pay the costs of these appeals, both in the contempt cause and the adoption case.