IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 23, 2017 Session

**IN RE HALLEY M.**

**Appeal from the Circuit Court for Sumner County**
**No. 2012-CV-1285     Joe H. Thompson, Judge**

_____

**No. M2016-01596-COA-R3-PT**

_____

Jerome V. and Teresa V. ("Petitioners") appeal the May 26, 2015 order of the Circuit Court for Sumner County ("the Trial Court") dismissing their Petition for Adoption and Termination of Parental Rights ("the Petition") based upon Tenn. Code Ann. § 36-1-119. We find and hold that Petitioners have shown good cause why the Petition should not be dismissed, and we vacate the Trial Court's May 26, 2015 order, reinstate the Petition, and remand this case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S. and JOHN W. MCCLARTY, J., joined.

Patti B. Garner, Gallatin, Tennessee, for the appellants, Jerome V. and Teresa V.

Bruce N. Oldham, Gallatin, Tennessee, for the appellee, Jeremy M.

James B. Hawkins, Gallatin, Tennessee, Guardian ad Litem.

**OPINION**

**Background**

On November 13, 2012, Petitioners filed the Petition seeking to terminate the parental rights of Jeremy M. ("Respondent"), David G. ("Father"), and Destiny C.

("Mother") to the minor child Halley M. ("the Child").[1]  Petitioners are the Child's maternal uncle and aunt.  The Child had lived with Petitioners for more than two years when the Petition was filed.  Respondent and Mother were not married to each other.  Respondent, however, is listed as the father on the Child's birth certificate, and Respondent signed a Voluntary Acknowledgement of Paternity ("VAP") when the Child was born.

In January of 2013, Respondent filed a motion seeking to have a guardian ad litem appointed for the child and giving notice of hearing on his previously filed motion to compel parenting time.  The Trial Court entered an order on January 24, 2013, appointing a guardian ad litem, finding that the Juvenile Court had entered an order in November of 2012 granting Respondent supervised visitation, and holding that Respondent was granted visitation with the Child, but that such visitation need not be supervised.

In February of 2013, Petitioners filed a notice of filing DNA test results, which show that Father, not Respondent, is the biological father of the Child.  Petitioners then filed a motion to modify, suspend, or reduce Respondent's parenting time or to require that Respondent's vistiation be supervised.  Respondent filed a motion to expand his parenting time.  The Guardian ad Litem then filed an ex parte emergency motion to suspend Respondent's parenting time alleging that the Child had been frightened during a visitation when Respondent forced her to lie about her age so she could drive a go-cart; that despite Respondent attempting to grow his hair for three months, the testing facility was unable to obtain a sufficient sample to conduct a drug test; that Mother allegedly had admitted that although Respondent was incarcerated at the time she conceived the Child, she and Respondent had agreed to falsely complete a VAP when the Child was born; and that Respondent had an active and outstanding warrant and the Tennessee Department of Corrections website listed Respondent's status as absconded.

The Trial Court granted an ex parte emergency restraining order suspending Respondent's parenting time.  By order entered July 17, 2013, the Trial Court extended the restraining order finding that Respondent was not present at the hearing on his motion to expand parenting time because he was incarcerated.

---

[1] In April of 2012, the Child's maternal great-grandparents filed a petition in the Juvenile Court for Sumner County ("the Juvenile Court") seeking custody of the Child and alleging that the Department of Children's Services had instructed them to go to court and file for custody because the Child was being removed from Mother's custody.  The Juvenile Court granted the maternal great-grandparents legal custody of the Child, but allegedly the Petitioners had, and continued to have, physical custody of the Child.  The case proceeded in Juvenile Court until the Juvenile Court entered an order *nunc pro tunc* to April 9, 2013, suspending any further action on this matter in Juvenile Court pending the outcome of the Petition in the Trial Court.

Petitioners filed a motion for temporary custody of the Child alleging, in pertinent part, that they had had exclusive physical custody of the Child since September of 2010, despite the Juvenile Court order granting the maternal great-grandparents custody and stating that the maternal great-grandparents were in agreement with Petitioners' request to be granted temporary custody. By order entered August 20, 2013, the Trial Court granted Petitioners temporary custody of the Child.

Petitioners filed a motion to set trial. The Trial Court held a hearing on Petitioners' motion to set and a motion to compel filed by Petitioners, and on October 15, 2013, the Trial Court entered an order, *inter alia*, setting trial for March 11, 12, and 13, 2014. In the October 15, 2013 order the Trial Court stated, in pertinent part, that Respondent's counsel "indicated that the final hearing would require three consecutive days" and that "the next available consecutive court days of March 11, 12, and 13, 2014" were selected.

Prior to that trial date, the trial court judge died. On July 31, 2014, the Trial Court entered an Agreed Order to Set re-setting trial for January 7, 8, and 9, 2015.

On November 21, 2014 the Guardian ad Litem filed a Motion for DNA Testing alleging, in part, that Respondent questioned the validity of the private DNA test produced by Petitioners, and seeking to test the DNA of Mother, Respondent, Father, and the Child. The motion for DNA testing stated that the DNA test was scheduled for December 18, 2014.

On January 6, 2015, the Guardian ad Litem filed a motion seeking to continue the trial set for January 7, 8, and 9, 2015, because the DNA test results had not been completed. On January 7, 2015, the Guardian ad Litem filed a Notice of Filing of DNA Test Report and Withdrawal of Motion to Continue Hearing and attached a copy of the DNA test results, which showed that Respondent had a zero percent chance of being the Child's biological father.

On January 7, 2015, the parties appeared for trial. The Guardian ad Litem moved to be allowed to file a petition to rescind the VAP and moved to continue the trial on the Petition. By order entered January 15, 2015, the Trial Court reset the trial for March 25, 26, and 27, 2015.

On January 20, 2015, The Guardian ad Litem filed a petition seeking to rescind the VAP. On March 16, 2015, the Trial Court entered an order finding, *inter alia,* that the Guardian ad Litem had standing to pursue the petition to rescind the VAP and setting the hearing on the petition to rescind the VAP for March 26, 2015 to be held directly before the trial on the Petition.

On March 25, 2015, Respondent filed a motion to dismiss alleging that the Petition should be dismissed for failure to attach to the Petition proof of inquiry to the putative father registry and for failure to enter a final order within one year in compliance with Tenn. Code Ann. § 36-1-119(d). Later that same day, March 25, 2015, Petitioners filed a Notice of Filing Putative Father Registry and attached proof of inquiry to the putative father registry.

After a hearing on Respondent's motion to dismiss, the Trial Court entered its order on May 26, 2015, finding and holding, *inter alia*, that the Petition should be dismissed pursuant to Tenn. Code Ann. § 36-1-119(d) because Petitioners had not shown good cause for their failure to complete the adoption within the time prescribed by the statute. Petitioners appeal to this Court.

## **Discussion**

Although not stated exactly as such, Petitioners raise one issue on appeal: whether the Trial Court erred in dismissing the Petition pursuant to Tenn. Code Ann. § 36-1-119.[2] We review issues of statutory construction de novo with no presumption of correctness. *Austin v. State*, 222 S.W.3d 354, 357 (Tenn. 2007). As our Supreme Court has instructed:

> When construing a statute, our primary purpose is to give effect to the legislative intent. *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000). "We determine legislative intent from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *Id*.

*Id*.

In *Clements v. Morgan*, our Supreme Court instructed that adoption statutes must be strictly complied with stating:

---

[2] In his brief on appeal, Respondent raises an issue regarding whether the Trial Court should have dismissed the Petition for failure to comply with Tenn. Code Ann. § 36-1-113(d)(3)(A)(i). The Trial Court did not rule on this issue and instead dismissed the Petition pursuant to Tenn. Code Ann. § 36-1-119(d). The record on appeal reveals a dispute about whether Petitioners did or did not comply with Tenn. Code Ann. § 36-1-113(d)(3)(A)(i). A finding on such an issue properly ought to be made initially by the Trial Court, not this Court. As the Trial Court did not rule upon this issue, the issue is not properly before this Court, and we decline to address it at this time.

The right of adoption is not a natural one and was unknown to the common law. *Rogers v. Baldridge*, 18 Tenn. App. 300, 76 S.W.2d 655.

The adoption of a child is governed by statute and to effect a legal adoption it must be strictly compled with. *Coonradt v. Sailors*, 186 Tenn. 294, 209 S.W.2d 859, 2 A.L.R.2d 880; *In re Knott*, 138 Tenn. 349, 197 S.W. 1097.

*Clements v. Morgan*, 296 S.W.2d 874, 875 (Tenn. 1956)[3].

In the case now before us, the Trial Court dismissed the Petition pursuant to Tenn. Code Ann. § 36-1-119(d), which provides, in pertinent part:

**36-1-119. Final order of adoption – When entered.**
* * *
(d) If no appeal has been taken from any order of the court, the court must complete or dismiss the adoption proceeding by entering a final order within one (1) year of the filing of the petition, unless the petitioner shows good cause why such final order should not be entered.

Tenn. Code Ann. § 36-1-119(d) (2014).

The statute clearly and unambiguously provides that the adoption proceeding must be completed or dismissed within one year of the filing of the petition, "*unless the petitioner shows good cause why such final order should not be entered.*" Tenn. Code Ann. § 36-1-119(d) (2014) (emphasis added). Thus, if Petitioners showed good cause, then the plain, unambiguous language of Tenn. Code Ann. § 36-1-119(d) does not require that the Petition be dismissed.

---

[3] We note that in Clements v. Morgan, our Supreme Court found that the petition for adoption was filed in September of 1952, and that from the time an interlocutory decree of adoption was entered in December of 1953, until the Department of Public Welfare filed an intervening petition in September of 1955, "nothing was done in the proceedings." *Clements v. Morgan*, 296 S.W.2d 874, 874 (Tenn. 1956). Furthermore, the *Clements* Court found "there were domestic difficulties in the home of the petitioner," that petitioning wife had "threatened the life of her husband, Doctor Clements, and shot at him with a pistol," and that "[l]ater on Doctor Clements withdrew as a petitioner." *Id*. Clearly, good cause to prevent dismissal of the petition for adoption was not shown in *Clements v. Morgan*. Furthermore, we note that the complier's notes for the Tenn. Code Ann. 1995 Supplement state that in 1995 the statutory section cited in *Clements*, § 36-124, was transferred to its current location of § 36-1-119 and was rewritten. The version of Tenn. Code Ann. § 36-124 cited in *Clements* did not contain a provision allowing for a showing of good cause to prevent dismissal. *See, e.g., Clements*, 296 S.W.2d at 875; Tenn. Code Ann. § 36-124 (1977).

The Trial Court found that Petitioners had not shown good cause. We disagree. A careful and thorough review of the record on appeal shows that although the adoption proceeding was not completed within one year of the filing of the Petition, this failure was through no fault of Petitioners. In fact, the record reveals that Petitioners took steps to have the case set for trial within one year of the filing of the Petition. This is not a case that has languished. Nor is it one in which Petitioners have failed to prosecute. The record on appeal reveals quite the opposite.

Petitioners filed a motion to set trial. The Trial Court held a hearing on the motion to set and a motion to compel filed by Petitioners and entered an order on October 15, 2013, less than one year after the filing of the Petition. In the October 15, 2013 order, the Trial Court stated that Respondent's counsel had "indicated that the final hearing would require three consecutive days," and that trial would be set for "the next available consecutive court days of March 11, 12, and 13, 2014." Thus, Reponspondent was the party who insisted upon a setting of three consecutive days, an insistance that impacted the dates upon which trial could be set.

The trial then was delayed two other times, again through no fault of Petitioners. First, the trial court judge died resulting in the trial being reset for a later date. Then, the record reveals, when the parties appeared for trial on January 7, 2015, per the July 31, 2014 Agreed Order to Set, the Guardian ad Litem requested a continuance to allow for the filing of a petition to rescind the VAP. The record on appeal reveals that Petitioners never asked for a continuance.

The record on appeal reveals that Petitioners have not been dilatory in prosecuting the Petition, and that although the proceeding was not completed within one year of the filing of the Petition, this failure was through no fault of Petitioners. We find and hold that Petitioners have shown good cause why the Petition should not be dismissed. We, therefore, vacate the Trial Court's May 26, 2015 order, reinstate the Petition, and remand this case for further proceedings.

## Conclusion

The judgment of the Trial Court is vacated, the Petition is reinstated, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the appellee, Jeremy M.

_____
D. MICHAEL SWINEY, CHIEF JUDGE